# OCTOBER, 1924.

### NOLAN TAYLOR, JR. v. THE STATE.

No. 7896. Delivered Oct. 8, 1924.

Delivered Nov. 5, 1924.

Rehearing denied Jan. 21, 1925.

**1.—Selling Intoxicating Liquor—Defective Recognizance—Dismissed.**

The recognizance being defective and not in confirmation with the statute, the cause on motion of the State is dismissed.

#### ON MOTION TO REINSTATE APPEAL.

Proper appeal bond having been filed the order and judgment dismissing the appeal is set aside, the appeal is reinstated and the case now decided on its merit.

**2.—Same—New Trial—Newly Discovered Evidence—Must Show Diligence.**

To justify the granting of a new trial, on the grounds of newly discovered evidence, it must be shown that due diligence was exercised by appellant to discover and produce the testimony on the trial; that the absent testimony is material, and not solely of an impeaching character. The absent witnesses newly discovered were with the purchaser of the whisky in his auto when he left the car, and went to appellant's house, purchased the whisky and returned with it to the car. No effort was shown by appellant to interview these witnesses, although one of them was present at the trial, and did not testify.

Appeal from the District Court of Montgomery County. Tried below before the Honorable J. M. Combs, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty, two years in the penitentiary.

*Elmo Johnson,* and *E. T. Branch,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the district court of Montgomery county of the offense of selling intoxicating liquor, with a penalty of two years in the penitentiary affixed, this appeal is brought.

The State moves to dismiss the appeal because of a defective recognizance. We have carefully examined said recognizance and are of opinion that it is not in compliance with the law. Nothing in the various recitals in the recognizance as same appears in the record make it affirmatively appear that the recitals and obligations refer to this case. The recognizance is unnecessarily long and prolix and contains much matter which might have had the effect of confusing the learned trial judge when he approved the form in which same appears in the record.

The court declines to consider any other matters raised until a recognizance is presented in accordance with the plain provisions of the statute and holdings of this court.

· ·The appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, Judge.—Proper appeal bond having been filed, the order and judgment dismissing the appeal is set aside, the appeal is reinstated and the case now decided on its merits.

There is but one bill of exceptions in which complaint appears of the refusal of a new trial sought because of newly discovered evidence. The record discloses without dispute that on the·night in question Leon Hudson, Audry Hudson, Ed Grogan and Pat Hanson went in a car to a point near appellant's home where Leon Hudson left the car, coming back shortly with a quart of whisky. He testified on this trial that he bought it from appellant for three dollars. Audry Hudson swore that he was with the party; that Leon left at the point mentioned and came back presently with the whisky. The new trial was asked upon the ground that the evidence of Ed Grogan and Pat Hanson was newly discovered. Each of these made affidavit that they were in the party mentioned, and that when Leon came back with the whisky he told them he got it from a man named Pearson. The record further discloses that Ed Grogan was subpoenaed as a ̇witness for the State and was present at the trial, and we see no reason why appellant's attorney by talking to him could not have discovered what his evidence was. Pat Hanson was in the county of the trial at the time and no effort was made to talk to him or have him present. No evasion or misrepresentation of what their testimony would be was ever made to revealed to appellant or his attorney the names of the parties who were with the two Hudson boys on the occasion of the alleged purchase of the liquor. The slightest effort by talking with Grogan, who was at the trial, would have made known to appellant that which is now claimed to be newly discovered evidence. Grogan was present and Hanson was within easy reach of process of the court. This was not diligence. Powell v. State, 36 Texas Crim. Rep. 377. A general statement in the motion that diligence was used and that by the exercise thereof appellant could not have discovered the testimony, is not sufficient. Wilson v. State, 37 Texas Crim. Rep., 156. The indictment was returned in September, 1922, and the trial was not had until April, 1923. The record is bare of any showing of an effort during that time by appellant or those representing him to discover the testimony relied upon as newly discovered in this case.

Being unable to agree with appellant's contention, and being of opinion that no error appeared in overruling the motion, the judgment will be affirmed.

ON REHEARING.

LATTIMORE, Judge.—In response to the insistence in the motion that there was diligence in an effort to procure testimony alleged in the motion for new trial to be newly discovered, we have again examined the record. We find nothing remotely suggesting diligence in the matter. We observe that the record shows that five persons went together in a car to a point on the road about 100 or 150 yards from appellant's house on the night of the alleged sale, Leon Hudson swore that he got out of the car and went to appellant's house and bought the whisky in question from the latter, and brought it back to the car. Three of the occupants of the car were present at the trial as witnesses. Two were used by the State and the other was not put on the stand. No effort on the part of appellant or anyone for him to procure the presence or testimony of the other two men who were in the car, is shown, nor was any effort made to ascertain the testimony of the witness who was present but unused.

Appellant insists that justice calls for the granting of his motion for new trial. Let us see. In Duncan v. Magette, 25 Texas, 253 Judge Roberts used the following language:

"Whoever undertakes to determine a case solely by his own notions of its abstract justice, breaks down the barriers by which rules of justice are erected into a system, and thereby annihilates law.

A sense of justice, however, must and should have an important influence upon every well organized mind in the adjudication of causes. Its proper province is to superinduce an anxious desire to search out and apply, in their true spirit, the appropriate rules of law. It cannot be lost sight of. In this, it is like the polar star that guides the voyager, although it may not stand over the port of destination.

To follow the dictates of justice, when in harmony with the law, must be a pleasure; but to follow the rules of law, in their true spirit, to whatever consequences they may lead, is a duty."

The new evidence relied on by appellant was evidenced by an affidavit made by the witness who was present at court but not used, and one of the other occupants of the car who was in the county and no effort made to obtain his presence. The substance of their affidavits was that when Leon Hudson came back with the whisky on the night in question he said he got it from a man named Pearson. Appellant took the stand and testified in his own behalf but did not claim that any man named Pearson had ever been at his house or that he knew any man named Pearson. If it be conceded for the sake of argument, that Hudson told any of the party in his car when he got back that he got the whisky from some one named Pearson, such fact if admitted by Hudson or proven by the testimony of the absent witnesses, could but affect Hudson's credibility as a witness. It is a sad fact that pur-

chasers of intoxicating liquor, sold to them in violation of the law, seem often possessed of the delusion that they must conceal the identity of the person thus guilty. Hudson might have admitted making the statement that he bought it from a man named Pearson, if he had been asked about it while on the witness stand. We have here then two statutory rules, one requiring diligence in the preparation of a case for trial on the part of the accused, and the other setting forth that a new trial will not be granted for new evidence whose effect is to impeach a witness, both of which rules we are asked to set aside upon the proposition that so-called justice would be thus served. In our view, to put aside these settled rules, as said by Judge Roberts, would be to break down the barriers by which the rules of justice are erected into a system, and thereby annihilate law. We regret that we can not do so.

The motion for rehearing will be overruled.

*Motion overruled.*